IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

Michael Patrick Prince Jr., individual,

    Plaintiff,

vs.

                              Cause No.:

SMC Acquisition Corp.,
a Domestic Profit Corporation,

    Defendant.

**JURY TRIAL DEMANDED**
**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Michael Patrick Prince Jr., by and through his attorneys, Lemon Law Group Partners PLC, and submits the following as his Complaint against Defendant SMC Acquisition Corp. ("Defendant SMC" or "Defendant Manufacturer").

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Michael Patrick Prince Jr. is an individual residing at 191 East River Drive, Strawberry, Arkansas 72469.

2. Defendant SMC Acquisition Corp. is a domestic profit corporation doing business throughout the State of Indiana. SMC Acquisition Corp. may be served through its registered agent, Mr. George Thomas, 4 Stoutco Drive, Bristol, Indiana 46507.

3. The transactions and occurrences involved in this action took place in the State of Indiana, County of Elkhart.

## COMMON AVERMENTS

4. On or about April 14, 2021, Plaintiff purchased a new 2021 SMC Laramie horse trailer, VIN: 7J2GB3J26M1000420 from an Authorized Dealership (the "Subject Trailer"). Please see Exhibit A: Purchase Agreement.

5. At the time of purchase, the Trailer was accompanied by a factory warranty which, in relevant part, provided for a 6 (six) year frame assembly warranty and 2 (two) year living quarters warranty (the "Warranty").  Please see Exhibit B:  Pertinent Portion of Warranty. Warranty in its entirety is in Defendant's Possession.

6. The Subject Trailer is registered in Arkansas and was purchased primarily for personal, family, and/or household purposes.

7. Defendant Manufacturer's warranty covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

8. In fact, when delivered, the Subject Trailer was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.

9. Shortly after purchase, Plaintiff noticed defects in the trailer including but not limited to tank knob leaking, slide out rubber missing, shower needs to be sealed, hole in kick pads, right front hubcap has dents, left side hub missing center cap, trailer needs tie rings, missing awning cap, trailer needs door hold backs, living quarters door defects, water heater cover comes off repeatedly, hole near toilet, hole in screen, back rubber bumper defects, scratches, bottom kitchen drawer falling out, weld crack on front left nose, axles appear bent and are wearing out tires, sewage drain leaks shower leak, toilet leak, bathroom sink leak, floors buckling due to leaks, hubcap falls off repeatedly, door on back of trailer breaking, furnace defects, heat strip defects, air conditioner does not work correctly, refrigerator and freezer do not work correctly, mold on floors due to shower and toilet leaks, microwave inoperable intermittently, rivets in horse area beginning to

pop out, back door hinges coming off, welds on underside of trailer cracked, fenders breaking off, lights flicker inside trailer, both back doors do not open correctly, water tank leak, water lines rusting out, living quarters floor squeaks, window defects, and tie slips pull out of trailer.  Plaintiff returned the trailer to an Authorized Dealership for repair on at least 2 (two) occasions.  Please see Exhibit C:  Repair Orders.

10. Subject Trailer has been out-of-service for at least 42 (forty-two) total days for the aforementioned repairs. Please see Exhibit C.

11. Despite the prolonged time during which the Subject Trailer has been out-of-service, Defendant Manufacturer has failed to repair the Subject Trailer so as to bring it into conformity with the warranties set forth herein.

12. The defects experienced by Plaintiff with the Subject Trailer substantially impaired its use, value, and safety to the Plaintiff, and have shaken the Plaintiff's faith in the trailer to operate as designed.

13. Despite Plaintiff's repeated efforts to allow Defendant Manufacturer the opportunity to conform the Subject Trailer, many nonconforming and defective conditions were not repaired, and still exist.

14. The Trailer still has issues including water leak defects.

15. Plaintiff directly notified Defendant Manufacturer of the defective conditions of the trailer on numerous occasions and that he desired a buy-back of the Subject Trailer, wherein Defendant failed and refused to buy back Plaintiff's defective Trailer and to reimburse Plaintiff pursuant to his rights under State and Federal Laws.  Please see Exhibit D:  Written Notification, and Exhibit E:  Return Receipt.

16. This cause of action arises out of the Defendant Manufacturer's Breach of Warranty and violation of the Federal Magnuson-Moss Warranty Act as set forth in this Complaint.

17. Plaintiff seeks judgment against Defendant in whatever amount Plaintiff is entitled to, including equitable relief, consequential damages, along with the costs and expenses of this action.

18. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

## COUNT I
## BREACH OF FACTORY WARRANTY

19. Plaintiff fully repeats and incorporates Paragraphs 1 through 18, as set forth above.

20. Defendant SMC extended to Plaintiff a 6 (six) year frame assembly warranty and 2 (two) year living quarters warranty ("Warranty").

21. Plaintiff, seeking to repair the Subject Trailer, attempted to exercise Plaintiff's rights under the Warranty.

22. Defendant SMC has failed to honor the terms of the Warranty.

23. Defendant SMC has failed or refused to repair the issues which include water leak defects.

24. As a result of the actions set forth above, Defendant SMC has breached its warranty.

25. As a result of Defendant SMC's breach of warranty, Plaintiff has, and will continue to, suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendant SMC in an amount to be proven at trial, including all consequential damages, incidental damages, equitable remedies, costs, interest, and attorney fees.

## COUNT II
## BREACH OF MAGNUSON-MOSS WARRANTY ACT

26. Plaintiff fully repeats and incorporates Paragraphs 1 through 25, as set forth above.

27. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

28. Plaintiff is a "consumer" as defined by 15 USC § 2301(3).

29. Defendant SMC is a "supplier" and "warrantor" as defined by 15 USC § 2301(4)(5).

30. The Subject Trailer is a "consumer product" as defined by 15 USC § 2301(6).

31. 15 USC § 2310(d)(1)(A), requires Defendant SMC, as a warrantor, to remedy any defects, malfunction or non-conformance of the Subject Trailer within a reasonable time and without charge to Plaintiff, as defined in 15 USC § 2304(d).

32. The actions of Defendant SMC as hereinabove described, in failing to tender the Subject Trailer to Plaintiff free of defects and refusing to repair or replace the defective trailer tendered to Plaintiff, constitute a breach of the written warranties covering the Subject Trailer; and thus, constitute a violation of the Magnuson-Moss Warranty Act.

33. Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed upon him by Defendant SMC, Defendant SMC has failed and refused to cure any defects and non-conformity with the Subject Trailer.

34. As a result of Defendant SMC's breach of factory warranty as set forth above, and Defendant SMC's failure to honor its obligations under its warranties, Plaintiff has, and will continue to, suffer damages as enumerated above.

35. Defendant SMC had a reasonable opportunity to remedy the defects in the trailer but has failed to do so, thereby entitling Plaintiff to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

36. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(1)　　For actual damages according to proof at trial;

(2)　　For a refund of the purchase price of Subject Trailer;

(3)　　For Defendant SMC to accept return of Subject Trailer;

(4)　　For attorney's fees and costs of suit incurred herein;

(5)　　For such other and further relief as the court deems just and proper under the circumstances;

(6)　　That all issues be tried before a jury.

Dated: June 15, 2022

                                                Respectfully submitted,

                                                LEMON LAW GROUP PARTNERS PLC

                                                By:    */s/ Sara Douglass*_____
                                                                 Sara Douglass, Esq.
                                                                 Lemon Law Group Partners PLC
                                                                 48 North Emerson Avenue, Suite 400
                                                                Greenwood, Indiana 46143
                                                                Telephone No.: (888) 415-0610 ex. 5146
                                                                Facsimile No.: (888) 809-7010
                                                                sarab@lemonlawgrouppartners.com
                                                                eservice@lemonlawgrouppartners.com

6